Kennedy, J.
*517 {¶ 1} This discretionary appeal from the Tenth District Court of Appeals presents the question whether the delayed-damage rule, which modifies the *518 general rule for when a cause of action accrues, is applicable to this cause of action alleging negligence related to the procuring of a professional-liability insurance policy. Because we agree with appellant, Frank and London Insurance Agency ("F & L"), that the delayed-damage rule does not apply and that the cause of action in this case accrued on the date the policy was issued, we reverse the judgment of the court of appeals and reinstate the trial court's judgment dismissing the complaint filed by appellee, LGR Realty, Inc. ("LGR"), as untimely.
I. Facts and Procedural History
{¶ 2} F & L procured for LGR a "Real Estate Agents Errors and Omissions Liability Insurance Policy" from the Continental Casualty Insurance Company *244 ("Continental") that was effective from May 12, 2010, through May 12, 2011.
{¶ 3} A liability claim was made against LGR within the policy period in a complaint styled Milligan Communications, L.L.C. v. Plaza Properties, Inc. , Franklin C.P. case No. 10 CV 1471 ("Milligan lawsuit"). LGR made a claim against the policy for Continental to defend LGR against the Milligan lawsuit and to indemnify LGR for any damages that it might be liable for. However, on April 26, 2011, Continental denied the claim on the basis of an exclusion provision in the policy regarding Plaza Properties. LGR incurred over $420,000 in attorney fees and expenses defending against the Milligan lawsuit.
{¶ 4} On April 17, 2015, LGR brought an action against F & L alleging that F & L had been negligent in failing to procure an appropriate professional-liability insurance policy and had negligently misrepresented the coverage contained in the policy. As a result, LGR claimed, F & L had breached its duty to procure an appropriate insurance policy-one that would have provided coverage for defending and indemnifying LGR in the Milligan case. Attached to LGR's complaint was a copy of the policy, which included a specific-entity-exclusion endorsement explaining that the policy does not apply to any claim made against LGR by Plaza Properties. F & L filed a Civ.R. 12(B)(6) motion to dismiss LGR's complaint. Relying in large part on Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co. , 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672, F & L argued that the cause of action accrued on the date the policy went into effect, May 12, 2010, and therefore, LGR's complaint, which was filed on April 17, 2015, was time barred by the four-year statute of limitations set forth in R.C. 2305.09.
{¶ 5} LGR, relying primarily on Kunz v. Buckeye Union Ins. Co. , 1 Ohio St.3d 79, 437 N.E.2d 1194 (1982), countered that under the delayed-damage rule, its cause of action did not accrue until it suffered an "injury," which occurred, at the earliest, when Continental denied LGR's claim for defense and indemnity on April 26, 2011. Therefore, LGR argued, its April 17, 2015 complaint was filed within four years of the accrual date and was not time barred.
*519 {¶ 6} The trial court determined that LGR's cause of action accrued on the day the insurance policy went into effect, May 12, 2010, and it dismissed LGR's action on the basis that it had been filed outside the four-year statute-of-limitations period set forth in R.C. 2305.09(D). Concluding that Kunz had been "eroded" by subsequent cases, including Flagstar , the court "decline[d] to apply the delayed damages rule to this case involving insurance agents."
{¶ 7} The court of appeals, holding that Flagstar did not overrule Kunz , reversed the trial court's judgment. In its decision, the court of appeals noted that although language in the body of the Flagstar opinion suggests a broad holding that would overrule Kunz , the syllabus of Flagstar is written more narrowly, leaving Kunz intact.
{¶ 8} On appeal to this court, F & L presents two propositions of law for consideration. The first proposition of law asserts that the delayed-damage rule enunciated in Kunz was abrogated by Flagstar and therefore "[a] cause of action for insurance agent or agency negligence accrues for purposes of the four-year R.C. 2305.09(D) statute of limitations when the allegedly wrongful act is committed." F & L's second proposition of law quotes Rep.Op.R. 2.2, which provides that the law in an opinion of the Supreme Court is "contained in its text, including its syllabus, if one is provided, and footnotes," and asserts that under this rule, all parts of the *245 decision are coequal, "with no part of the decision taking precedence."
{¶ 9} In response to F & L's first proposition of law, LGR argues that Kunz has not been overruled and that its holding is determinative in this case. In response to F & L's second proposition of law, LGR agrees that this court's entire opinion sets forth the law but it argues that Kunz is distinguishable from Flagstar and that Kunz controls in this case.
II. Standard of Review
{¶ 10} "An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review." Perrysburg Twp. v. Rossford , 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. In reviewing a motion to dismiss for failure to state a claim, we accept as true all factual allegations in the complaint. Mitchell v. Lawson Milk Co. , 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). A complaint should not be dismissed unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community Tenants Union, Inc. , 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. Under Civ.R. 10(C), "[s]tatements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument attached to a pleading is a part of the pleading for all purposes." A motion to dismiss based upon a statute of limitations may be granted only when the complaint shows conclusively on its face that the action is *520 time-barred. Velotta v. Leo Petronzio Landscaping, Inc. , 69 Ohio St.2d 376, 433 N.E.2d 147 (1982), paragraph three of the syllabus.
III. Law and Analysis
{¶ 11} The parties do not dispute that R.C. 2305.09(D) provides a four-year statute-of-limitations period for tort actions not specifically covered by other sections of the Revised Code. Nor do the parties dispute that the professional-negligence claims at issue here are governed by R.C. 2305.09(D). See also Investors REIT One v. Jacobs , 46 Ohio St.3d 176, 179, 546 N.E.2d 206 (1989) (" R.C. 2305.09 provides a general limitations period of four years for tort actions not specifically covered by other sections of the Ohio Revised Code" [footnote deleted] ).
{¶ 12} The parties do not agree, however, on when the negligent-procurement and negligent-misrepresentation claims in this case accrued, triggering the start of the statute of limitations. F & L argues that the claims accrued and the four-year statute-of-limitations period began to run when the professional-liability insurance policy containing the exclusion was issued, and it directs the court's attention to Investors REIT and Flagstar , 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672.
{¶ 13} LGR argues that the claims accrued and the four-year statute-of-limitations period began to run when the claim to defend and indemnify was denied, and it directs our attention to the application of the delayed-damage rule in Kunz, 1 Ohio St.3d 79, 437 N.E.2d 1194.
{¶ 14} This court has long recognized that a "[s]tatute of limitations commences to run so soon as the injurious act complained of is perpetrated, although the actual injury is subsequent * * *." Kerns v. Schoonmaker , 4 Ohio 331 (1831), syllabus. While this remains the general rule in Ohio today, see O'Stricker v. Jim Walter Corp. , 4 Ohio St.3d 84, 87, 447 N.E.2d 727 (1983), and Flagstar at ¶ 13, there are two primary exceptions to the rule.
{¶ 15} One exception to the general rule is the discovery rule, which provides that "[w]hen an injury does not manifest itself immediately, the cause of action does *246 not arise until the plaintiff knows or by the exercise of reasonable diligence should have known, that he had been injured by the conduct of the defendant, for purposes of the statute of limitations." O'Stricker at paragraph two of the syllabus.
{¶ 16} The second exception to the general rule is the delayed-damage rule, which this court first adopted in Velotta v. Leo Petronzio Landscaping, Inc. , 69 Ohio St.2d 376, 433 N.E.2d 147 (1982). Under the delayed-damage rule, "where the wrongful conduct complained of is not presently harmful, the cause of action does not accrue until actual damage occurs." Id. at 379, 433 N.E.2d 147.
*521 {¶ 17} In reversing the trial court's judgment granting the motion to dismiss, the Tenth District Court of Appeals agreed with LGR that Kunz is still good law, and it relied on Kunz in holding that the delayed-damage rule was applicable in this case. Therefore, an examination of Kunz is central to resolving this matter. However, we first turn our attention to F & L's second proposition of law regarding the Rules for Reporting Opinions.
A. Rep.Op.R. 2.2
{¶ 18} Neither party disputes the import of Rep.Op.R. 2.2 as it is currently written, and F & L's second proposition of law correctly restates the rule-no part of an opinion takes precedence over another part. However, because the current Rep.Op.R. 2.2 became effective in 2012 and the cases upon which the parties rely were decided between 1982 and 2011, the current rule cannot be relied upon when determining which part of those opinions, if any, takes precedence over another. In fact, at the time Kunz was decided, in 1982, this court had not yet adopted rules for reporting opinions. See 3 Ohio St.3d xxi-xxiii (setting forth the Rules for the Reporting of Opinions "applicable to all cases reported on and after March 1, 1983"). However, before the rules were promulgated, case law determined the matters later addressed in the Rules for Reporting Opinions. In State ex rel. Canada v. Phillips , we held that "[o]nly what is stated in a syllabus or in an opinion per curiam or by the court represents a pronouncement of the law by this court." Id. , 168 Ohio St. 191, 151 N.E.2d 722 (1958), paragraph six of the syllabus. And a per curiam opinion must be read in light of the facts of the particular case. See Simpson v. Holmes , 106 Ohio St. 437, 440, 140 N.E. 395 (1922).
B. Accrual of Cause of Action for Professional Negligence Related to Procuring Insurance
{¶ 19} In Kunz , a per curiam opinion without a syllabus, the insureds, Walter Kunz and his concrete company, began purchasing business insurance from their insurance agent in 1952. Id. , 1 Ohio St.3d 79, 437 N.E.2d 1194. In 1969, the insureds purchased an insurance policy written by Buckeye Union Insurance Company ("Buckeye Union") that provided "all risk" coverage on a crane. Later that year, Kunz and his insurance agent discussed consolidating the various individual policies on the insureds' equipment into a single omnibus policy.
{¶ 20} In April 1970, the insurance agent presented Kunz with a three-year consolidated policy from Buckeye Union that Kunz believed provided the same "all risk" coverage that the insureds formerly had. In 1973, the insureds renewed the consolidated policy, again assuming that the coverage was as good as the pre-1970 individualized policies.
*522 {¶ 21} On April 21, 1975, the crane owned by the insureds was damaged. Initially, Buckeye Union informed Kunz that the loss would be covered. But in June *247 1975, Buckeye Union denied the claim, citing exclusions in the consolidated policy that had not been part of the pre-1970 insurance contract on the crane.
{¶ 22} On April 20, 1977, the insureds filed a complaint alleging that their insurance agent had negligently failed to obtain the requested coverage for the crane or failed to disclose a change in the coverage of the crane. Holding that the four-year statute of limitations in R.C. 2305.09 applied and that it began to run no later than April 1, 1973-the date the consolidated insurance policy was renewed-the trial court granted summary judgment in favor of the insurance agent. The court of appeals affirmed the trial court's judgment.
{¶ 23} On appeal to this court, the insureds argued in support of applying the delayed-damage rule. In determining that the delayed-damage rule applied, this court relied on the reasoning set forth in Austin v. Fulton Ins. Co. , 444 P.2d 536 (Alaska 1968). In that case, the Alaska Supreme Court held that a cause of action for negligent failure to procure insurance coverage for damage caused by an earthquake accrued not when the defective policy was issued but years later, when an earthquake caused property damage. Therefore, even though the insureds' policy in Kunz was purchased in 1970 and renewed in 1973, the court held that their cause of action did not accrue until their crane was damaged in 1975. Consequently, the insureds' complaint filed in April 1977 was timely filed.
{¶ 24} While this case, like Kunz , involves the purchase of insurance, the factual similarities of the cases end there. LGR purchased a professional-liability insurance policy, and when the policy was issued to LGR, the specific-entity exclusion upon which Continental relied in denying the claim was contained in the policy. In Kunz , the insureds purchased a property insurance policy providing "all risk" coverage on a crane. When that individual policy was consolidated into the omnibus policy, the insureds believed, incorrectly, that the "all risk" coverage continued.
{¶ 25} Because the pronouncement of law in a per curiam opinion must be read in light of the facts of the case, Kunz is not controlling here. See Simpson , 106 Ohio St. at 440, 140 N.E. 395. Therefore, we turn to the question whether the delayed-damage rule should be extended to apply in this case.
{¶ 26} The general rule is that a statute of limitations begins to run when the injurious act is committed. See O'Stricker , 4 Ohio St.3d at 87, 447 N.E.2d 727 ; Flagstar , 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672, ¶ 13. It is only in the narrow circumstances in which application of the general rule " 'would lead to the unconscionable result that the injured party's right to recovery can be barred by the statute of limitations before he is even aware of its existence,' Wyler v. Tripi (1971), 25 Ohio St.2d 164, 168, 267 N.E.2d 419," that we have judicially *523 created or recognized an exception. O'Stricker at 87, 447 N.E.2d 727, citing Kunz and Velotta , 69 Ohio St.2d 376, 433 N.E.2d 147. Those narrow circumstances do not exist here.
{¶ 27} To establish actionable negligence, one must show that there was a duty, that the duty was breached, and that an injury resulted from the breach. Mussivand v. David , 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). On the facts before us, we hold that LGR's cause of action accrued, that is, LGR's injury occurred, when F & L issued to LGR the professional-liability insurance policy that specifically excluded coverage for claims related to services performed for Plaza Properties.
*248 {¶ 28} If, as LGR argues, it was injured by the insurance policy containing the specific-entity-exclusion provision provided by F & L, then LGR was damaged the moment it entered into the contract and became obligated to pay a premium for a professional-liability insurance policy that was less than the coverage that it believed it would receive. Therefore, the harm to LGR was complete when F & L issued the insurance contract setting forth the specific-entity-exclusion provision.
{¶ 29} We hold that the four-year statute-of-limitations period began to run when F & L issued the insurance policy setting forth the specific-entity exclusion. LGR's action, therefore, is time-barred.
{¶ 30} F & L argues that the holding in Kunz has been eroded by Investors REIT and Flagstar. Because we need not reach that issue to resolve this case, we decline to do so. See Allen v. totes/Isotoner Corp., 123 Ohio St.3d 216, 2009-Ohio-4231, 915 N.E.2d 622, ¶ 9-10 (O'Donnell, J., concurring).
IV. Conclusion
{¶ 31} Based on these facts, the delayed-damage rule does not apply to a cause of action alleging negligent procurement of a professional-liability insurance policy or negligent misrepresentation of the terms of the policy when the policy at issue contains a provision specifically excluding the type of claim that the insured alleges it believed was covered by the policy. The cause of action in such a case accrues on the date the policy is issued. Therefore, the complaint filed by LGR in this case was untimely. Accordingly, we reverse the judgment of the court of appeals and reinstate the trial court's judgment dismissing LGR's complaint.
Judgment reversed.
O'Donnell and French, JJ., concur.
DeWine, J., concurs, with an opinion joined by O'Connor, C.J.
Robb, J., dissents, with an opinion joined by O'Neill, J.
Carol Ann Robb, J., of the Seventh District Court of Appeals, sitting for Fischer, J.