[Cite as *Hatfield v. Prston Chevrolet-Cadillac, Inc.*, 2019-Ohio-4730.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| PATRICK H. HATFIELD, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-G-0168** |
| PRESTON CHEVROLET-CADILLAC, INC., d.b.a. PRESTON CHEV-CAD-KIA, INC., | : | |
| | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2017 P 000862.

Judgment:  Affirmed.


*Ronald I. Frederick*, and *Michael L. Berler*, Frederick & Berler, LLC, 767 East 185th Street, Cleveland, OH  44119 (For Plaintiff-Appellant).

*Robert A. Poklar*, and *Matthew Charles Miller*, Weston Hurd, LLP, The Tower at Erieview, 1301 East Ninth Street, Suite 1900, Cleveland, OH  44114 (For Defendant-Appellee).



THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Patrick Hatfield, appeals the judgment dismissing his complaint with prejudice against appellee, Preston Chevrolet-Cadillac, Inc. (Preston).  We affirm.

{¶2}    Hatfield raises one assignment of error:

{¶3}    "The trial court erred in granting Preston's motion to dismiss pursuant to Civ.R. 12(B)(6) based on Regulation M of the Federal Truth in Lending Act because (a)

Regulation M does not supersede state law, and (b) Appellee's 'lease acquisition fee' is prohibited under Ohio law (OAC 109:4-3-16(B)(21) and case law interpreting that law.)"

{¶4} We review the trial court's decision granting motions to dismiss de novo, without deference to the trial court's decision. *LGR Realty, Inc. v. Frank & London Ins. Agency,* 152 Ohio St.3d 517, 2018-Ohio-334, 98 N.E.3d 241 ¶ 10.

{¶5} Upon reviewing motions to dismiss for failure to state a claim for which relief can be granted under Civ.R. 12(B)(6), we accept all factual allegations in the complaint as true and dismiss only when "it appears 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Id. quoting O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. We must also afford a plaintiff all reasonable inferences derived from the factual allegations included. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). "A copy of any written instrument attached to a pleading is a part of the pleading for all purposes." Civ.R. 10(C).

{¶6} Hatfield filed a class-action complaint against Preston alleging violations of the Ohio Consumer Sales Practices Act (CSPA) and Ohio's Administrative Code 109:4-3-16(B)(17) & (21). His complaint sets forth three claims for relief and attaches two documents, the Closed End Motor Vehicle Lease and Retail Lease Order. Hatfield generally avers that Preston "routinely commits acts declared deceptive" by including a lease-acquisition fee, in addition to the "agreed upon value," on its pre-printed lease agreement forms.

2

{¶7} "The CSPA prohibits unfair or deceptive acts and unconscionable acts or practices by suppliers in consumer transactions whether they occur before, during, or after the transaction. R.C. 1345.02(A) and 1345.03(A). * * *

{¶8} "The General Assembly has delegated authority to the attorney general to '[a]dopt, amend, and repeal substantive rules defining with reasonable specificity acts or practices that violate sections 1345.02 [and] 1345.03 * * * of the Revised Code.' R.C. 1345.05(B)(2). Pursuant to this authority, the attorney general has promulgated Ohio Adm.Code 109:4-3-16(B) * * *" that identifies certain acts as violating the CSPA. *Williams v. Spitzer Autoworld Canton, L.L.C.,* 122 Ohio St.3d 546, 2009-Ohio-3554, 913 N.E.2d 410, ¶ 10-11.

{¶9} Hatfield's first claim for relief avers that "the advertised price for the vehicle was the 'agreed upon value for the vehicle' stated on the Lease Agreement of $29,300.00." Hatfield claims that the lease-acquisition fee is neither mentioned nor listed in the "Retail Lease Order." But Hatfield acknowledges that the lease-acquisition fee of $595 is listed under "other amounts included in the gross capitalization cost" in the Lease Agreement. Hatfield's complaint states that this lease-acquisition fee was not in the "agreed upon value for the vehicle," and it was added to the amount he was responsible for after the fact.

{¶10} Hatfield alleges that the Ohio Adm.Code does not authorize the charging of a lease-acquisition fee and that the regular charging of such a fee constitutes a violation of OAC 109:4-3-16(B)(17) & (21).

3

{¶11} In his second claim for relief, Hatfield alleges that Preston's inclusion of the lease-acquisition fee negligently misrepresented to him and the class that the fee was proper.

{¶12} Hatfield's third and final claim for relief avers that Preston materially misrepresented that the inclusion of the lease-acquisition fee was proper, even though it is in violation of Ohio law, and that this misrepresentation constitutes fraud.

{¶13} Hatfield seeks return of the lease-acquisition fee plus interest and tax; declaratory judgment that the inclusion of said fee constitutes an unfair, deceptive, and unconscionable sales practice in violation of Ohio law; and attorney fees and costs.

{¶14} Ohio Adm.Code 109:4-3-16(B)(17) & (21) state:

{¶15} "(B) It shall be a deceptive and unfair act or practice for a dealer, manufacturer, advertising association, or advertising group, in connection with the advertisement or sale of a motor vehicle, to:

{¶16} "* * *

{¶17} "(17) Raise or attempt to raise the actual purchase price of any motor vehicle to a specific consumer * * *;

{¶18} "* * *

{¶19} "(21) Advertise any price for a motor vehicle unless such price includes all costs to the consumer except tax, title and registration fees, and a documentary service charge, provided such charge does not exceed the maximum documentary service charge permitted to be charged pursuant to section 1317.07 of the Revised Code. Additionally, a dealer may advertise a price which includes a deduction for a discount or

rebate which all consumers qualify for, provided that such advertisement clearly discloses the deduction of such discount or rebate."

{¶20} Although advertised price is not defined in the Administrative Code, "advertisement" is defined as,

{¶21} "any electronic, written, visual, or oral communication made to a consumer by means of personal representation, newspaper, magazine, circular, billboard, direct mailing, sign, radio, television, telephone or otherwise, which identifies or represents the terms of any item of goods, service, franchise, or intangible which may be transferred in a consumer transaction." Ohio Adm.Code 109:4-3-01(C)(5).

{¶22} "When analyzing a statute, our primary goal is to apply the legislative intent manifested in the words of the statute. * * * Statutes that are plain and unambiguous must be applied as written without further interpretation. * * * In construing the terms of a particular statute, words must be given their usual, normal, and/or customary meanings. * * *." *Proctor v. Kardassilaris,* 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 12.

{¶23} A plain reading of Ohio Adm.Code 109:4-3-16(B)(21) reveals that it does *not* preclude a dealer or seller of an automobile from *charging* fees other than those specified. To the contrary, a plain reading confirms that this provision is designed to ensure that the advertised price *includes all costs*, except those specified. Thus, one of the included costs in a car's advertised price could be a lease-acquisition fee, and accordingly, a lease-acquisition fee is *not* in violation of Ohio Adm.Code 109:4-3-16(B)(21) as long as that fee is encompassed in the "advertised" price of the vehicle. *But see Burns v. Spitzer Mgt., Inc.,* 190 Ohio App.3d 365, 2010-Ohio-5369, 941 N.E.2d 1256,

¶ 2 (8th Dist.) (finding, with no analysis of the statutory language, that Ohio Adm.Code 109:4-3-16(B)(21) "specifically limits the fees that may be charged by a dealer, so that consumers are informed of the actual price charged when comparison shopping.")

{¶24} Thus, to the extent that Hatfield's complaint avers that Preston's act of charging a lease-acquisition fee is illegal or contrary to this provision, we disagree. Moreover, since his second and third claims for relief, negligent misrepresentation and fraud, hinge on the incorrect premise that the charging of this type of fee is illegal and that Preston acted either negligently or fraudulently in hiding the illegally charged fee, Hatfield's second and third counts were correctly dismissed as a matter of law.

{¶25} As for Hatfield's first count, based on the allegation that the lease-acquisition fee was included after the fact, Hatfield alleges that Preston raised his vehicle's lease price in violation of Ohio Adm.Code 109:4-3-16(B)(17) by inserting this lease-acquisition fee via its pre-printed form lease agreements, or that Preston failed to include the lease-acquisition fee in the advertised price contrary to Ohio Adm.Code 109:4-3-16(B)(21).

{¶26} However, Hatfield only alleges that Preston's advertised price was conveyed to him and the other potential class members via the Lease Agreement, and because the "agreed upon value" set forth as $29,300 does not include the $595 lease-acquisition fee, Preston has raised the price and/or advertised to a price different than the one charged in violation of the foregoing Ohio Administrative Code Sections. We disagree. Hatfield's argument confuses a vehicle's stated "agreed upon value" with the advertised price. This misunderstanding is best evidenced by his allegation in paragraph 24 of his complaint, which states in part:

{¶27} "24. Typicality: Mr. Hatfield's claim is identical to the claims of other class members, being charged by Preston a fee in excess of the agreed upon value of the leased vehicle stated on a standard, pre-printed lease agreement."

{¶28} Moreover, Hatfield's argument also runs contrary to the basic principle of contract construction that a written agreement is to be read as a whole in order to attempt to give effect to each part. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.,* 78 Ohio St.3d 353, 1997-Ohio-202, 678 N.E.2d 519 (1997). Upon reading the "advertisement," i.e., the Lease Agreement, as a whole, it is evident the advertised price is not only the stated "agreed upon value of the vehicle," but that it also includes the stated lease-acquisition fee. Accordingly, dismissal here was proper because the at-issue lease-acquisition fee was set forth in the advertised price. *But see Burns v. Spitzer Mgt., Inc.,* 190 Ohio App.3d 365, 2010-Ohio-5369, 941 N.E.2d 1256, ¶ 2 (8th Dist.) (holding, with no analysis of the language of the governing provisions, that the charging of a dealer overhead fee via a preprinted form in addition to the price of the car states a cause of action under Ohio Adm.Code 109:4-3-16(B)(21)).

{¶29} Our decision is in accord with that in *Linn v. Roto Rooter, Inc.,* 8th Dist. Cuyahoga No. 82657, 2004-Ohio-2559, ¶ 17, which held in part that a predetermined fixed charge, disclosed to the customer in advance of the decision to accept goods or services and included within the price, is inherently legal, and "such charges are commonly imposed for such things as use of ATM machines, ticket processing fees, and even basic court costs. Furthermore, courts have found that these charges are lawful, especially considering that the fee is disclosed in advance."

{¶30} This is not a case where the suspect fees were surreptitiously added to the payment that Hatfield agreed to pay. *See Kelley v. Ford Motor Credit Co.,* 137 Ohio App.3d 12, 17, 738 N.E.2d 9, (1st Dist.2000) (holding that lessees were not misled about the total cost of the lease when the written lease contains all the fees, and as such, dealer did not act in a deceptive manner).

{¶31} This is also not a case in which Hatfield claims, for example, that he was orally advised of a price other than that set forth in the Lease Agreement that did not include the lease-acquisition fee or that he saw a television commercial that advertised the lease price for an amount that did not include this fee. For example, in *Phillips v. Andy Buick, Inc.*, 11th Dist. Lake No. 2004-L-093, 2006-Ohio-5832, ¶ 2, this court found a potentially viable CSPA claim was asserted based on the allegation that the car dealer added two additional charges to an agreed-upon sales price that the parties had already negotiated. Hatfield does not make allegations of this nature, and accordingly dismissal was warranted.

{¶32} Based on the foregoing, Hatfield's sole assignment of error lacks merit, and the trial court's decision is affirmed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.