**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| AHMAD HOSSEINIPOUR<br><br>Plaintiff<br><br>v.<br><br>OHIO ATTORNEY GENERAL, et al<br><br>Defendants | Case No. 2022-00698JD<br><br>Judge Patrick E. Sheeran<br>Magistrate Holly True Shaver<br><br><u>DECISION</u> |

**{¶1}** On October 26, 2022, Defendants filed a Motion for Summary Judgment pursuant to Civ.R. 56(C). While Plaintiff did not file a response to the motion, on November 14, 2022, Plaintiff filed a Motion for an Oral Hearing and the Appointment of Counsel. However, Plaintiff's Motion does not indicate that he served Defendants with a copy thereof.

**{¶2}** According to Civ.R. 5(A): "Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, *every written motion* other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and *similar paper shall be served upon each of the parties.* * * *." (Emphasis added.) And according to Civ.R. 5(B)(4), the served document "shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made and be signed in accordance with Civ.R. 11. *Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed.*" (Emphasis added.)

**{¶3}** Plaintiff did not include a proof of service with his Motion, thus, the Motion could be denied on this basis alone. Nevertheless, regarding Plaintiff's Motion for the Appointment of Counsel, "an indigent litigant has a right to appointed counsel only when,

if he loses, he may be deprived of his physical liberty." *Perotti v. Ohio Dept. of Rehab. & Corr.*, 61 Ohio App.3d 86, 91 (10th Dist.1989), citing *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 26-27 (1981). Plaintiff is not at risk of losing his physical liberty as a result of any determination that may be made by the Court. Accordingly, Plaintiff's November 14, 2022 Motion for the Appointment of Counsel is DENIED as moot. Moreover, Pursuant to L.C.C.R. 4(D), Defendant's Motion for Summary Judgment is now before the Court for a non-oral hearing. Thus, Plaintiff's November 14, 2022 Motion for an Oral Hearing is DENIED as moot.

{¶4} Turning to Defendant's Motion for Summary Judgment, the Court GRANTS Defendant's Motion for the reasons stated herein.

**Standard of Review**

{¶5} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264

(1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶6} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which states, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Facts**

{¶7} According to Plaintiff's complaint, Defendants did not allow him to defend himself during a hearing before the State Medical Board in which his medical license was at stake, resulting in his license being permanently revoked (Complaint at ¶ 12). Plaintiff further asserts that his license was revoked when he was severely depressed, and that Defendants erroneously diagnosed him with a personality disorder. (*Id.*) Plaintiff seeks $10,000,000 in damages and for his medical license to be reinstated (*Id.* at ¶ 14).

{¶8} Defendants assert that they are entitled to summary judgment based on the doctrine of res judicata and the running of the statute of limitations. In support of the Motion, Defendants submitted Plaintiff's complaint in Ohio Court of Claims Case Number 2001-08188 and this Court's May 5, 2003, trial decision in that case. (Defendants' Exhibits A and B, respectively.)

{¶9} Defendants' Motion and the evidence submitted with it establish the following material facts. In *Hosseinipour v. State Med. Bd.*, No. 2001-08188 (*Hosseinipour I*), Plaintiff contended that on February 11, 1998, the State Medical Board revoked his medical license based on discriminatory practices. (Defendants', Exh. A). This claim was filed by Plaintiff, against the State Medical Board of Ohio on August 10, 2001, in this Court. *Id.* On May 5, 2003, this Court issued a decision after a trial in *Hosseinipour I* (Defendants', Exh. B). In the decision, the Court held that Plaintiff's claim was barred by the statute of limitations, that Plaintiff failed to prove that he was of unsound mind such

that the statute of limitations would be tolled, that Plaintiff failed to prove that he was discriminated against when the State Medical Board refused to consider his petition for reinstatement, and that the Court lacked jurisdiction to review the State Medical Board's decision to revoke Plaintiff's medical license. *Id.* The Tenth District Court of Appeals affirmed this Court's decision. *See Hosseinipour v. State Medical Board*, 10th Dist. Franklin No. 03AP-512, 2004-Ohio-1220.

**Res Judicata**

{¶10} In the Motion for Summary Judgment, Defendants initially argue that Plaintiff's prior case against the Medical Board, *Hosseinipour I*, barred Plaintiff's claim based on the doctrine of res judicata (Defendants' Motion for Summary Judgment, p. 4). The doctrine of res judicata encompasses two distinct yet related preclusive effects—claim preclusion (estoppel by judgment) and issue preclusion (collateral estoppel). "Collateral estoppel * * * prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *Stroud v. Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 03AP-139, 2004-Ohio-580, ¶ 21, citing *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994 Ohio 358, 637 N.E.2d 917 (1994). "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Id.*, citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969), paragraph two of the syllabus.

{¶11} The Court finds issue preclusion bars Plaintiff's claims in this case. The issues of whether Plaintiff's claim was barred by the statute of limitations, whether Plaintiff was of unsound mind such that the statute of limitations would be tolled, whether Plaintiff was discriminated against when the State Medical Board refused to consider his petition for reinstatement, and whether this Court has jurisdiction to review the State Medical Board's decision to revoke Plaintiff's medical license (1) were actually and directly litigated in *Hosseinipour I*, (2) were passed upon and previously determined by this Court, and (3) the parties in *Hosseinipour I* and this claim are in privity. Therefore, the Court concludes that Plaintiff is collaterally estopped from relitigating such issues. *See*

*Hosseinipour v. State Med. Bd.*, Ct. of Cl. No. 2001-08188 (May 5, 2003). Consequently, there is no genuine issue as to any material fact and Defendants are entitled to summary judgment as a matter of law.

**Statute of Limitations**

{¶12} Defendants further argue that to the extent, if any, that Plaintiff's claim is not estopped, it should be barred by the statute of limitations. R.C. 2743.16(A) states, in relevant part: "civil actions against the state * * * shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." As a general rule, "a '[s]tatute of limitations commences to run so soon as the injurious act complained of is perpetrated * * *.'" *LGR Realty, Inc. v. Frank & London Ins. Agency*, 152 Ohio St.3d 517, 2018-Ohio-334, 98 N.E.3d 241, ¶ 14, quoting *Kerns v. Schoonmaker*, 4 Ohio 331 (1831), syllabus.

{¶13} Plaintiff's medical license was revoked on February 11, 1998 (Defendants' Exh. A). Plaintiff filed his Complaint in this case on September 27, 2022. (Complaint.) Therefore, the Court finds that Plaintiff's claim is also barred by the two-year statute of limitations found in R.C. 2743.16(A).

**Conclusion**

{¶14} Based upon the foregoing, the Court finds that there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law. For these reasons Defendants' Motion for Summary Judgment is GRANTED and judgment is hereby rendered in favor of Defendants.

PATRICK E. SHEERAN
Judge

[Cite as *Hosseinipour v. Ohio Atty. Gen.*, 2022-Ohio-4838.]

| | |
|---|---|
| AHMAD HOSSEINIPOUR | Case No. 2022-00698JD |
| Plaintiff | Judge Patrick E. Sheeran<br>Magistrate Holly True Shaver |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO ATTORNEY GENERAL, et al. | |
| Defendants | |

## IN THE COURT OF CLAIMS OF OHIO

{¶15} A non-oral hearing was conducted in this case upon Defendants' Motion for Summary Judgment. For the reasons set forth in the decision filed concurrently herewith, Defendants' Motion for Summary Judgment is GRANTED and judgment is rendered in favor of Defendants. All other pending motions are DENIED as moot. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


PATRICK E. SHEERAN
Judge

Filed December 30, 2022
Sent to S.C. Reporter 1/12/23