Williams, J.
 

 The defendant, appellant herein, does not complain of the judgments of reversal, but contends that the appellate court erred in refusing his request to fix bail in reduced amounts and in leaving the reduction thereof to the trial court upon remand.
 

 This court takes the position that these cases may be disposed of by determining whether the refusals of the trial court to reduce bail were final orders appeal-able to the Court of Appeals.
 

 Ordinarily an order made prior to or during the trial is not final and cannot be made the basis of an appeal; but here there are two elements which it might be claimed change such an interlocutory order into a final one. These will be considered in order.
 

 Does an abuse of discretion in refusing the reduction of bail make the orders of refusal final?
 

 The argument may be advanced that a refusal to reduce excessive bail on application of an accused constitutes an abuse of discretion, which imparts to the order, denying reduction of bail, the character of finality and gives to the aggrieved party the right of appeal therefrom. This court has held that the grant
 
 *22
 
 ing of a motion for a new trial is not a final order or judgment from which an appeal may be prosecuted, unless the record affirmatively shows that the granting of such motion was an abuse of discretion.
 
 Wagner
 
 v.
 
 Long,
 
 133 Ohio St., 41, 11 N. E. (2d), 247;
 
 Hoffman
 
 v.
 
 Knollman,
 
 135 Ohio St., 170, 20 N. E. (2d), 221. It seems sound to assert that granting a new trial arbitrarily and without the existence of 'any ground whatsoever would render the order final. But we cannot accede to the doctrine that an erroneous ruling made before or during trial can under any circumstances constitute such an abuse of discretion as to make the ruling a final order so that an appeal may be taken therefrom. It is the general rule that as to all such rulings, whether amounting to an abuse of discretion or not, the aggrieved party must await the judgment or final order that amounts to a disposition of the cause and then proceed with his appeal. Were the rule otherwise, cases might be delayed from time to time while aggrieved parties sought review of various interlocutory orders or rulings claimed by them to amount to an abuse of discretion. A refusal to,reduce excessive. bail is not a final order merely because the judge, in making it, abused his discretion.
 

 Is a refusal to reduce bail a final order because the accused thereby loses a constitutional right and is remediless ?
 

 Persons charged with crime have a constitutional right to bail except in “capital offenses where the proof is evident or the presumption great.” Section 9, Article I, Constitution of Ohio. That section further provides that “excessive bail shall not be required.” Keeping an accused in jail by excessive bail is as much a denial of his constitutional rights as refusing to fix bail.
 

 To fully protect the rights of a person charged with
 
 *23
 
 a bailable offense, it is necessary to give him immediate relief against an order refusing to reduce excessive bail, so that he may not languish in jail. If appeal is the only remedy but must be deferred until judgment of conviction or acquittal, all questions as to bail before and during trial would become moot or foreclosed and appeal would avail him nothing. In that event it might well be urged that an order refusing to reduce excessive bail denied a constitutional right without affording a remedy, and therefore, out of the necessities of the case, the order should be deemed final.
 

 There is a remedy, however, that is prompt and effectual. The accused may, upon refusal of the court to reduce the bail fixed, sue out a writ of
 
 habeas corpus
 
 in a court of competent jurisdiction where bail may immediately be given pending hearing and a final adjudication made as to whether the bail required in the court, in which the charge pends, is excessive. Upon this question the authorities are practically unanimous. The rationale of the doctrine is well set forth in the cases of
 
 Jones
 
 v.
 
 State,
 
 146 Miss., 819, 112 So., 170, and
 
 In re Stegman,
 
 112 N. J. Eq., 72, 163 A., 422.
 

 As an abuse of discretion does not of itself give the-order refusing reduction of excessive bail the character of finality and as there is an efficient remedy by
 
 habeas corpus,
 
 there were no final orders or judgments in the Court of Common Pleas, and the Court of Appeals, having no jurisdiction to entertain the appeals, should have dismissed them.
 

 Therefore the judgments of the Court of Appeals are reversed and this court, entering the judgments the Court of Appeals should have entered, dismisses the appeals.
 

 Judgments reversed.
 

 Weygandt, C. J., Zimmerman, Bell, Turner, Matthias and Hart, JJ., concur.