Griffith, J.
The issue presented in this case is whether the overruling by the trial judge of defendant’s motion to with *106 draw a plea of guilty, where such motion was made prior to pronouncement of sentence, is a final appealable order.
Section 2953.02, Revised Code, reads in part:
“In a criminal case * * * a judgment or final order of a court of record or officer inferior to the Court of Appeals may be reviewed in the Court of Appeals.”
Thus, it is a judgment or final order which is appealable. Here, defendant seeks an immediate appeal from the overruling of his motion for leave to withdraw his plea prior to the pronouncement of sentence. It is clear that, if the overruling of the motion is not a judgment or final order disposing of the cause in the trial court, the appeal at this time is premature.
In the case of Berman v. United States, 302 U. S., 211, it was stated, as follows, by Chief Justice Hughes, at page 212: “Final judgment in a criminal case means sentence. The sentence is the judgment.” See, also, 24 Corpus Juris Secundum, 989, Criminal Law, Section 1643.
In State v. Bevacqua, 147 Ohio St., 20, it was held that “the overruling of a motion for the reduction of bail previously fixed for the appearance of an accused pending trial on an indictment is not a final order which may be made the basis of an appeal even though such overruling of the motion amounts to an abuse of discretion.”
Our opinion in the instant case accords with the opinion by Williams, J., in the Bevacqua cas'e, where it is stated, at page 22:
“But we cannot accede to the doctrine that an erroneous ruling made before or during trial can under any circumstances constitute such an abuse of discretion as to make the ruling a final order so that an appeal may be taken therefrom. It is the general rule that as to all such rulings, whether amounting to an abuse of discretion or not, the aggrieved party must await the judgment or final order that amounts to a disposition of the cause and then proceed with his appeal. Were the rule otherwise, cases might be delayed from time to time while aggrieved parties sought review of various interlocutory orders or rulings claimed by them to amount to an abuse of discretion.” (Emphasis added.)
Prom the foregoing cases, it appears that in a criminal *107 case there must be a sentence which constitutes a judgment or a final order which amounts “to a disposition of the cause” before there is a basis for appeal.
In the present case, there has been no imposition of sentence and thus no judgment which could be the subject of appeal. The remaining question is whether there has been a final order amounting to a disposition of the cause.
Section 2505.02, Revised Code, reads in part:
“An order affecting a substantial right in an action which in effect determines the action and prevents a judgment * * * is a final order * * *.”
The order here, the overruling of defendant’s motion, did not prevent a judgment but in effect made possible the entering of judgment. Thus, the overruling of the motion was merely interlocutory in nature and did not amount “to a disposition of the cause.”
It follows that in a criminal case, where there has been no pronouncement of sentence, an order of the trial court overruling defendant’s motion for leave to withdraw his plea of guilty is interlocutory in nature, does not amount to a disposition of the case and is not a final appealable order.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Herbert and Gibson, JJ., concur.