[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wesley v. Cuyahoga Cty. Court of Common Pleas*, Slip Opinion No. 2021-Ohio-3489.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3489

[THE STATE EX REL.] WESLEY, APPELLANT, *v.* CUYAHOGA COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wesley v. Cuyahoga Cty. Court of Common Pleas*, Slip Opinion No. 2021-Ohio-3489.]

*Mandamus—Writ of mandamus sought to compel common pleas court to rule on appellant's motion to reinstate bail and set bail terms—A petition for a writ of habeas corpus is the proper cause of action to challenge the denial of bail—The remedy appellant seeks does not lie in mandamus—Court of appeals' dismissal of mandamus action affirmed.*

(No. 2020-1418—Submitted July 13, 2021—Decided October 5, 2021.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 109930, 2020-Ohio-4921.

_____

**Per Curiam.**

{¶ 1} In this direct appeal, appellant, Nelson Roy Wesley, seeks a writ of mandamus to compel appellee, the Cuyahoga County Court of Common Pleas, to rule on Wesley's motion to reinstate bail and to set bail terms. The Eighth District Court of Appeals denied the writ. We affirm.

**Background**

{¶ 2} Wesley is being held in the Cuyahoga County jail, where he awaits trial on criminal charges in two cases. He was indicted in the first case in May 2018 on one count of failure to comply (charged as a third-degree felony, R.C. 2921.331(B)) and one count of criminal damaging or endangering (charged as a first-degree misdemeanor, R.C. 2909.06(A)(1)). If Wesley is convicted of both charges, his maximum sentence for failure to comply is 36 months, R.C. 2929.14(A)(3)(b), and his maximum sentence for criminal damaging or endangering is 180 days, R.C. 2929.24(A)(1). Under R.C. 2929.41(A), he would likely serve any sentence for the first-degree misdemeanor concurrently with any sentence for the third-degree felony, so the maximum prison term that Wesley could receive in the first criminal case is likely 36 months. The trial court set bail at $5,000. Wesley posted 10 percent of that amount and was released.

{¶ 3} Wesley appeared at several pretrial hearings over the next few months, but in August 2018, he failed to appear at a pretrial hearing because he was incarcerated at the Lorain Correctional Institution for a postrelease-control violation. The trial court eventually reinstated Wesley's bail.

{¶ 4} Wesley appeared at additional pretrial hearings, but he then failed to appear at another pretrial hearing in October 2018, this time because he had been arrested and was being held in the Cleveland Heights city jail. That arrest led to Wesley's second criminal case, in which he was indicted on seven counts, including charges of attempted murder and felonious assault, both with firearm specifications. In Wesley's second criminal case, the trial court set bail in the amount of $100,000.

**{¶ 5}** Meanwhile, the trial court revoked Wesley's bail in the first case based on his failure to appear at the October 2018 pretrial hearing. In August 2019, Wesley filed a motion to reinstate the original $5,000 bail amount in that case. The state opposed the motion, arguing that the seriousness of the charges in Wesley's second case militated against reinstating the bail in his first case. The trial court denied Wesley's motion.

**{¶ 6}** Wesley filed two more motions to have his bail reinstated, one in February 2020 and another in June 2020. The trial court had not ruled on those motions by September 2020, so Wesley filed a complaint for a writ of mandamus in the Eighth District Court of Appeals asking that court to issue an order compelling the trial court to rule on his motions and to set bail conditions that would allow for his pretrial release in his first case. The court of appeals sua sponte granted an alternative writ requiring the trial court to show cause why a writ of mandamus should not issue to compel a ruling on the pending motions.

**{¶ 7}** But the court of appeals sua sponte dismissed Wesley's claim to the extent that it sought to compel the trial court to set conditions allowing for pretrial release, finding that "[m]andamus may not be used to control judicial discretion." 2020-Ohio-4921, ¶ 10. Wesley asked the court of appeals to reconsider the dismissal, arguing that he was seeking to compel the trial court to fulfill its legal duty to make him bailable, not to control what bail terms the trial court could set. The court of appeals rejected Wesley's request for reconsideration and held that under the circumstances of Wesley's case, the trial court has discretion to revoke bail and that that discretion may not be controlled through a writ of mandamus. *Id.* at ¶ 16-18. The court also held that Wesley's claim for relief "lies in habeas corpus, not mandamus." *Id*. at ¶ 20.

**{¶ 8}** In response to the court of appeals' show-cause order, the trial court filed evidence showing that it had recently denied Wesley's motions. The court of appeals therefore denied Wesley's remaining claim as moot. *Id.* at ¶ 12.

{¶ 9} Wesley appealed to this court as of right. In his appeal, Wesley focuses on his claim that the trial court must set conditions allowing for pretrial release in his first criminal case; he does not challenge the court of appeals' conclusion that the remainder of his claim became moot once the trial court ruled on his pending motions.

**Analysis**

{¶ 10} The court of appeals gave two reasons for denying Wesley's request for a writ of mandamus. The first reason is that the claim for pretrial bail conditions fails because a writ of mandamus may not issue to control a trial court's discretion. Second, the court of appeals held that the remedy Wesley seeks is not available via a writ of mandamus but instead is available only through a writ of habeas corpus.

{¶ 11} This second reason is dispositive of this appeal, and thus there is no reason for us to address any other issue. Wesley contends that he is being detained unlawfully. A petition for a writ of habeas corpus is the proper cause of action for a person seeking to challenge the unlawful restraint of his liberty due to excessive bail or the complete denial of bail. *See Chari v. Vore*, 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (2001); *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 594, 635 N.E.2d 26 (1994); *State v. Bevacqua*, 147 Ohio St. 20, 67 N.E.2d 786 (1946), syllabus; *see also* R.C. 2725.01. In arguing for a contrary result, Wesley points to *State ex rel. Sylvester v. Neal*, 140 Ohio St.3d 47, 2014-Ohio-2926, 14 N.E.3d 1024, a case in which we granted a writ of mandamus to require a trial court to allow a defendant's bail to be satisfied by surety, *id*. at ¶ 49. But *Sylvester* does not help Wesley, because the relators in that case were sureties, not defendants seeking release from jail. *See id*. at ¶ 1-8. To challenge the denial of bail, Wesley must file a petition for a writ of habeas corpus.

**Conclusion**

{¶ 12} The proper respondent in a habeas action is the person who has legal custody of the individual, *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 742

N.E.2d 651 (2001), citing R.C. 2725.04(B), and Wesley filed this action against the Cuyahoga County Court of Common Pleas. Because Wesley's claim does not lie in mandamus, we affirm the court of appeals' judgment.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

BRUNNER, J., concurs in judgment only.

_____

Nelson Roy Wesley, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for respondent.

_____