[Cite as *Cleveland v. Kopilchak*, 2022-Ohio-1408.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,        :

                                             No. 111240

    v.                         :

GREGORY KOPILCHAK,                    :

    Defendant-Appellant.       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** April 28, 2022

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2020 CRB 001080

---

### *Appearances:*

Mark Griffin, Cleveland Law Director, Aqueelah Jordan, Chief Prosecuting Attorney, and Joan M. Bascone, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Robert B. McCaleb, Assistant Public Defender, *for appellant*.

EILEEN A. GALLAGHER, J.:

{¶ 1} In this expedited appeal, defendant-appellant Gregory Kopilchak appeals from an order entered by the Cleveland Municipal Court denying him bail. For the reasons that follow, we dismiss this appeal.

**Factual Background and Procedural History**

{¶ 2} In March 2020, Kopilchak pled guilty to domestic violence, in violation of R.C. 2919.25(A), a first-degree misdemeanor. He was sentenced to three years of community control. In July 2021, Kopilchak failed to appear for a community control violation hearing and a warrant was issued for his arrest.

{¶ 3} On January 21, 2022, Kopilchak was arrested. At his arraignment on January 24, 2022, the municipal court entered an order stating "[n]o bond until the defendant appears before court" ("no-bond order"), and the case was set for review on January 26, 2022. On January 26, 2022, Kopilchak was in medical isolation. The municipal court continued the no-bond order, i.e., "[n]o bond until the defendant appears before court," and scheduled a community control violation hearing for February 2, 2022. On February 2, 2022, Kopilchak was, once again, in medical isolation. On February 2, 2022, the municipal court again continued the no-bond order, i.e., "no bond until the defendant appears before court." The municipal court did not specify in its journal entries or otherwise on the record why it was imposing or continuing the no-bond orders.

{¶ 4} On February 3, 2022, Kopilchak filed a notice of appeal, appealing the municipal court's January 26, 2022 no-bond order. On February 7, 2022, this court,

sua sponte, ordered the appellant to show cause "why the Municipal Court's denial of bail constitutes a final appealable order." In response to the court's order, Kopilchak filed a "show cause brief" in which he asserted that the municipal court's order denying bail was a final, appealable order pursuant to R.C. 2937.222(D). The city did not file a response to Kopilchak's show cause brief.

{¶ 5} This court allowed the appeal to proceed on an expedited basis. In his appellate brief, Kopilchak raised the following sole assignment of error for review:

> The trial court erred when it denied bail to a mere misdemeanant in flagrant violation of Article I, [S]ection 9, of the Ohio Constitution and section 2937.222 of the Ohio Revised Code.

{¶ 6} On February 22, 2022, the municipal court set aside its order denying bail and Kopilchak was released on personal bond.

{¶ 7} Kopilchak filed his appellate brief on the merits the following day. He argued that the municipal court's January 26, 2022 order denying him bail was unconstitutional under Article I, Section 9 of the Ohio Constitution and violated R.C. 2937.222 because "misdemeanants (as well as accused felons charged with offenses not listed in R.C. 2937.222) have an absolute constitutional right to bail." (Emphasis deleted.) He further argued that "there is no mechanism in Ohio law other than R.C. 2937.222 for the denial of bail" and that bail can, therefore, "be denied in compliance with R.C. 2937.222 or not at all." (Emphasis deleted.) Kopilchak also argued that even though he had been released on personal bond, the appeal should not be dismissed as moot because "'the challenged action is 'too short in duration to be fully litigated before its cessation or expiration,''" quoting *State ex rel. White v. Koch*, 96

Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 13, quoting *State ex rel. Dispatch Printing Co. v. Louden*, 91 Ohio St.3d 61, 64, 741 N.E.2d 517 (2001), and, given his past conduct, there was "a reasonable probability, to say the least, that Mr. Kopilchak will be subjected at least once more to a probation violation hearing and that [the municipal court] will again impose an unlawful no-bond on him."

**{¶ 8}** The city filed its response brief on March 3, 2022. The city argued that the appeal should be dismissed because Kopilchak was no longer subject to a no-bond order and, therefore, there was no genuine controversy to be resolved by this court.

**{¶ 9}** On March 9, 2022, Kopilchak filed a motion to supplement the record on appeal with a copy of a journal entry showing that the municipal court had again imposed a no-bond order on Kopilchak. The copy of the entry submitted appeared to have been signed by the municipal court judge on March 4, 2022 but had not yet been journalized. The submitted copy was stamped "judgment entry received for journalization" with a date of March 5, 2022.[1] The city did not file a response to the motion to supplement the record.

---

[1] Upon review of the municipal court's online docket for this case, it appears that Kopilchak again allegedly violated community control and was arrested in early March 2022. On March 7, 2022, an entry was journalized imposing a further no-bond order, i.e., "no bond until the defendant appears before court." Kopilchak did not appeal that entry or move to amend his prior notice of appeal and we have not received any further requests to supplement the record on appeal. We are unable to determine, based on a review of the municipal court's online docket, what, if anything, occurred after that date and whether Kopilchak was still being denied bail. A docket entry dated March 10, 2022, states: "Entered exclusion zone on 03/11/2022 [sic]" and a docket entry dated March 16, 2022 states: "No contact ordered" and that virtual hearing was scheduled. The municipal court's online docket further reflects that a community control violation hearing was

**Law and Analysis**

{¶ 10} As an initial matter, we must first consider whether we have jurisdiction to hear this appeal. Our appellate jurisdiction is limited to reviewing judgments and orders that are final, appealable orders. *See* Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2953.02, 2505.02, 2505.03. In the absence of a final, appealable order, an appellate court does not possess jurisdiction to review the matter and must dismiss the appeal. *See, e.g., Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6; *see also State v. Tye,* 8th Dist. Cuyahoga No. 109879, 2021-Ohio-2765, ¶ 7. This court has a duty to examine, sua sponte, potential deficiencies in jurisdiction. *See, e.g., State v. Goodson*, 8th Dist. Cuyahoga No. 108973, 2020-Ohio-3723, ¶ 7; *Scheel v. Rock Ohio Caesars Cleveland, L.L.C.,* 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 7; *Arch Bay Holdings, L.L.C., v. Goler*, 8th Dist. Cuyahoga No. 102455, 2015-Ohio-3036, ¶ 9.

{¶ 11} As noted above, Kopilchak asserts that the municipal court's January 26, 2022 denying him bail is a final, appealable order pursuant to R.C. 2937.222(D). R.C. 2937.222(D) is the sole basis upon which Kopilchak contends we have jurisdiction to hear this appeal.

---

originally set for March 10, 2022, reset for March 15, 2022, then "[c]ontinued at [d]efendant's request" until April 13, 2022, and, finally, "[r]eset by Court to April 12, 2022." Assuming the hearing was held, the online docket does not indicate what occurred at the April 12, 2022 community control violation hearing.

{¶ 12} R.C. 2937.222(D)(1) states that "[a]n order of *the court of common pleas* denying bail *pursuant to this section* is a final appealable order." (Emphasis added.) R.C. 2937.222 governs the denial of bail for certain offenses, i.e., accused offenders "charged with aggravated murder when it is not a capital offense, murder, a felony of the first or second degree, a violation of section 2903.06 of the Revised Code, a violation of section 2903.211 of the Revised Code that is a felony, or a felony OVI offense," and provides a specific set of criteria that a common pleas court must consider before denying bail to an offender accused of such offenses, including the nature and circumstances of the underlying offense, the weight of the evidence against the accused, the history and characteristics of the accused and the danger the defendant poses to others in the community. *See* R.C. 2937.222(A)-(C). R.C. 2937.222(B) states that "[n]o accused person shall be denied bail" pursuant to R.C. 2937.222 unless the court finds "by clear and convincing evidence" that (1) the proof is evident or the presumption great that the accused committed the offense specified in R.C. 2937.222(A), (2) the accused poses a substantial risk of serious physical harm to any person or to the community and (3) no release conditions will reasonably assure the safety of that person and the community.

{¶ 13} "In construing a statute, we may not add or delete words." *State v. Hughes*, 86 Ohio St.3d 424, 427, 715 N.E.2d 540 (1999). R.C. 2937.222, by its terms, is limited to orders denying bail issued by common pleas courts in cases in which a defendant has been charged with certain specified offenses that are not at issue here. In such cases, the order of the common pleas court denying bail is a final, appealable

order.  R.C. 2937.222(D)(1).  Because R.C. 2937.222, by its terms, does not apply to this case, the municipal court's January 26, 2022 no-bond order is not a final, appealable order under R.C. 2937.222(D)(1).

{¶ 14} Furthermore, even if the municipal court's January 26, 2022 no-bond order was a final, appealable order under R.C. 2937.222(D)(1), we would be still compelled to dismiss this appeal.  R.C. 2937.222(D)(2) states, "If, during the pendency of an appeal under division (D) of this section, the court of common pleas sets aside or terminates the order denying bail, the court of appeals shall dismiss the appeal."  There is no dispute that in this case, while this appeal was pending, the municipal court set aside the January 26, 2022 order that is the subject of this appeal, and Kopilchak was released on personal bond.  Accordingly, pursuant to R.C. 2937.222(D)(2), "the court of appeals shall dismiss the appeal."  *See also State v. Henderson,* 10th Dist. Franklin No. 16AP-870, 2017-Ohio-2678, ¶ 11.

{¶ 15} Although the municipal court's January 26, 2022 order was not a final, appealable order under R.C. 2937.222(D), this does not mean Kopilchak was without a potential remedy.  The Ohio Supreme Court has stated, "A petition for a writ of habeas corpus is the proper cause of action for a person seeking to challenge the unlawful restraint of his liberty due to excessive bail or *the complete denial of bail.*"  (Emphasis added.)  *State ex rel. Wesley v. Cuyahoga Cty. Court of Common Pleas*, 165 Ohio St.3d 574, 576, 2021-Ohio-3489, 180 N.E.3d 1120, ¶ 11; *see also* R.C. 2725.01 ("Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a

writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."). Thus, to challenge the denial of bail, Kopilchak "must file a petition for a writ of habeas corpus." *Wesley* at ¶ 11 (where defendant's bail was revoked in a case involving charges of failure to comply, a third-degree felony, and criminal damaging or endangering, a first-degree misdemeanor, court stated that defendant "must file a petition for a writ of habeas corpus" to "challenge the denial of bail").[2]

{¶ 16} Appeal dismissed.

It is ordered that appellee recover from appellant the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
LISA B. FORBES, J., CONCUR

---

[2] We recognize that this court and others have previously stated that a defendant who has been denied bail pursuant to R.C. 2937.222 cannot challenge that decision through a habeas corpus petition because the defendant has an adequate remedy at law through a direct appeal under R.C. 2937.222(D)(1). *See, e.g., State v. Russell*, 8th Dist. Cuyahoga No. 89639, 2007-Ohio-1589, ¶ 4; *McCarry v. Neil*, 1st Dist. Hamilton No. C-150400, 2015-Ohio-3155, ¶ 4. However, where, as here, R.C. 2937.222 does not apply, R.C. 2937.222(D)(1) would not preclude a defendant from seeking relief from denial of bail through a petition for a writ of habeas corpus. *See Wesley* at ¶ 11; *see also Turner v. Sutula*, 8th Dist. Cuyahoga No. 102190, 2014-Ohio-5696, ¶ 1, 5-6 (where respondents did not establish that R.C. 2937.222 was applicable and it appeared that the most serious crime with which defendant had been charged was grand theft, a fourth-degree felony, "R.C. 2937.222 and its remedy by way of appeal [was] not relevant" to habeas action seeking to compel respondents to reinstate defendant's bond).