[Cite as *State v. Murray*, 2022-Ohio-3411.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220243 |
| | | TRIAL NO. B-1906238 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MARCUS MURRAY, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 28, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein & Gallagher, Hal Arenstein* and *Kara C. Blackney,* for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} Defendant-appellant Marcus Murray is detained in jail without bail awaiting his trial on two second-degree-felony offenses related to a November 2019 incident. He was initially afforded bail and released on a monetary bail bond. The court revoked that bond after a court proceeding in November 2021. Murray attempted to flee from the courtroom, was found in contempt, and sentenced to a six-month jail term. In May 2022, upon Murray's completion of his contempt sentence, Murray's attorney requested that the court release Murray on the original bond or set a new bond in the November 2019 case. After a hearing, the trial denied the motion, thereby detaining Murray pretrial without bail. Murray now appeals that May 2022 order.

{¶2} In one assignment of error, Murray complains that the trial court failed to comply with the dictates of R.C 2937.222 when it denied the motion to reset conditions for his pretrial release. The state argues that this court lacks jurisdiction over Murray's appeal. We conclude that we have jurisdiction to decide Murray's appeal on the merits and that Murray has demonstrated error. Accordingly, we reverse the trial court's judgment and remand the cause for further proceedings, including a bail hearing that complies with the dictates of R.C. 2937.222.

## I. Background Facts and Procedures

{¶3} The record shows that Murray had been granted bail in the case involving two second-degree-felony offenses, felonious assault and improper discharge of firearm into a habitation. Bond eventually was set at $100,000 at ten percent. Murray posted bond on November 22, 2019, and was released.

{¶4} After a series of continuances, the case was set for a jury trial on November 16, 2021. Instead of a trial on that day, the court issued an order that revoked Murray's bond. Murray tried to flee from the courtroom, apparently in response to the bond revocation. The trial court found him in contempt and imposed a six-month jail term. The following day, defense counsel filed a motion for reinstatement of bond and requesting a full hearing on the matter, claiming the revocation was based on the prosecuting witness's "unsubstantiated statement" that Murray had threatened to harm her if she appeared in court. The trial court did not rule on the November 17, 2021 motion, but it did deny a January 2022 motion for reinstatement of bond in early February.

{¶5} On May 9, 2022, at Murray's request, the trial court held a bond hearing. Defense counsel moved the court to reset conditions for release, noting that Murray had finally completed his contempt sentence for attempting to flee from the courtroom in November 2021. Defense counsel told the court that the clerk's office still had the ten percent of $100,000 posted by Murray's family, and that Murray had used his time in jail wisely, had a job to go back to and the support of his family, and had made every appearance in the case, which involved over 20 appearances.

{¶6} The assistant prosecutor presented some information related to the underlying charges but did not proceed in accordance with R.C. 2937.222(A). The trial court then took the issue under advisement to determine "when I have to set a bond * * * if someone tries to escape."

{¶7} Two days later, on May 11, 2022, the trial court denied the "motion to set bond" by entry providing:

3

This cause came on for hearing upon the Motion of the defendant to Set

Bond. Upon the arguments of counsel for the defendant and the State

of Ohio, and the Court being fully advised in the premises, it is found

that the motion is not well taken, and the same is therefore overruled.

**{¶8}** This appeal followed.

## II. Jurisdiction

**{¶9}** The state argues this court lacks jurisdiction to entertain Murray's appeal. Generally, our jurisdiction is limited to the review of final orders. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.03. "Ordinarily an order made prior to or during trial is not final and cannot be made the basis of an appeal." *State v. Bevacqua*, 147 Ohio St. 20, 21, 67 N.E.2d 786 (1946). Murray argues the May 2022 order denying his motion to reset bond is an order denying him bail and is made final and appealable by a statute, namely R.C. 2937.222(D)(1).

**{¶10}** R.C. 2937.222, effective in 1999, implements a 1998 amendment to Article I, Section 9 of the Ohio Constitution. That amendment expanded the types of offenses and circumstances under which pretrial bail could be denied,[1] and required the General Assembly to " 'fix by law standards' " for the denial of bail as contemplated by the constitutional amendment. *See Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, ¶ 41-42 and 64, quoting the amendment.

**{¶11}** R.C. 2937.222, in addition to setting forth the standards and procedures for denying bail, and the type of alleged offenders subject to its provisions, specifies

---

[1] In relevant part, the constitutional amendment provides, "All persons shall be bailable by sufficient sureties, except for a person who is charged with a capital offense where the proof is evident or the presumption great, and except for a person who is charged with a felony where the proof is evident or the presumption great and where the person poses a substantial risk of serious physical harm to any person or to the community." Article I, Section 9, Ohio Constitution.

that "an order of the court of common pleas denying bail pursuant to this section is a final appealable order." R.C. 2937.222(D)(1).

{¶12} The state argues that R.C. 2937.222(D)(1) applies to the November 2021 revocation of the bond, not to Murray's request for the reinstatement of a bail bond for his release after the revocation.[2] The import of the state's argument is that Murray missed his chance to seek the remedy afforded by R.C. 2937.222(D)(1) by failing to timely appeal the November 2021 revocation order, and the proper procedure to seek relief lies in a petition for habeas corpus.

{¶13} Murray asserts that R.C. 2937.222 applies because if a court fails to place a bond on a defendant pretrial, the court is denying bail. Whether a bond has been set previously does not change the fact that denying bond pretrial in a case charging a second-degree felony is only allowed when the requirements of R.C. 2937.222 are met.

{¶14} The state fails to adequately explain why an order revoking a pretrial bail bond would be final and appealable under R.C. 2937.222(D)(1), but an order denying a motion to reinstate bail after a revocation would not. We note that R.C. 2937.222(D)(2) expressly contemplates further action involving the denial of bail, implying that a court may issue more than one final appealable order in a case. Further, even though habeas corpus is the proper vehicle by which to raise a claim of excessive bail in pretrial-release cases, *see Dubose v. McGuffey*, Slip Opinion No. 2022-Ohio-8, ¶ 12, citing *Chari v. Vore*, 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (2001), this case involves the absence of bail, not excessive bail. Habeas relief is

---

[2] Traditionally, a trial court has had inherent power to revoke a bond, s*ee In re Mason*, 116 Ohio App.3d 451, 688 N.E.2d 552 (7th Dist.1996), but the state argues the revocation in this case was governed by R.C. 2937.222.

precluded where there is an adequate remedy in the ordinary course of law. *See, e.g.,* *McCarry v. Neil*, 1st Dist. Hamilton No. C-150400, 2015-Ohio-3155, ¶ 1 and 4-5 (holding habeas relief not available because order revoking bond and holding defendant without pretrial bail was a final appealable order under R.C. 2937.222(D)(1)); *Cruz v. Pinkney*, 8th Dist. Cuyahoga No. 105454, 2017-Ohio-4308, ¶ 5.

{¶15} In *Cruz*, the petitioner filed a habeas petition in the Eighth District Court of Appeals to have his bond reset in a case involving first-degree-felony offenses. The record showed that Cruz had been released on bond but taken into custody for violating a condition of release. *Cruz* at fn. 1. About seven months later, he filed a motion in the trial court to reinstate bond. About two months later, when his motion to reinstate bond was pending, Cruz filed a habeas petition challenging his pretrial detention without bail. The appellate court held habeas relief was not available. In part, the court explained that Cruz had an adequate remedy at law by virtue of R.C. 2937.222, because that statute afforded him a hearing on his motion to reset bond and the remedy of an appeal if the trial court denied bond after such a hearing. *See id.* at ¶ 5.

{¶16} The state cites two cases in support of its position that the trial court's May 2022 entry overruling Murray's motion to set bond is not a final appealable order. Those cases, however, do not involve a challenge to an order detaining a defendant pretrial that both affords no bail at all and involves the type of offense referenced in R.C. 2937.222(A). *See State ex rel. Wesley v. Cuyahoga Cty. Court of Common Pleas*, 165 Ohio St.3d 574, 2021-Ohio-3489, 180 N.E.3d 1120 (habeas action appropriate to challenge the denial of bail in a case involving a third-degree felony and a first-degree

misdemeanor); *State v. Knisley*, 2d Dist. Montgomery No. 22897, 2010-Ohio-116, ¶ 26 (discussing a claim of excessive bail). We conclude these cases, which do not discuss R.C. 2937.222(D)(1), are distinguishable.

**{¶17}** Ultimately, Murray argues that the May 2022 order denying his motion to reinstate bond is "an order denying bail" and a final appealable order as contemplated by R.C. 2937.222(D)(1) and Article IV, Section 3, of the Ohio Constitution. Under these circumstances, we agree with Murray and, upon our conclusion that there is no jurisdictional defect, we address the merits of Murray's assignment of error.

### III. Standards and Procedures of R.C. 2937.222

**{¶18}** In his sole assignment of error, Murray argues the trial court did not comply with R.C. 2937.222 and therefore erred in denying bail.

**{¶19}** Murray specifically points out that under the statute the prosecutor is required to prove at a hearing "that the proof is evident or the presumption great that the accused committed the offense with which [he] is charged, of proving that the accused poses a substantial risk of serious physical harm to any person or to the community, and of proving that no release conditions will reasonably assure the safety of that person and the community." R.C. 2937.222(A).

**{¶20}** Further, before denying certain alleged offenders bail, the court must "find[]" after the hearing that the state established the conditions set forth in R.C. 2937.222(B) by clear and convincing evidence. *See* R.C. 2937.222(A) and (B). S*ee also* Crim.R. 46(A) and (B), effective July 1, 2020 ("(A) Pretrial detention. A defendant may be detained pretrial, pursuant to a motion by the prosecutor or the court's own motion, in accordance with the standards and procedures set forth in the Revised

Code; (B) Pretrial Release. Unless the court orders the defendant detained under division (A) of this rule, the court shall release the defendant on the least restrictive conditions that, in the discretion of the court, will reasonably assure the defendant's appearance in court, the protection or safety of any persons or the community, and that the defendant will not obstruct the criminal justice process.").

**{¶21}** When making a bail determination under R.C. 2937.222, the court must consider the following:

(1) The nature and circumstances of the offense charged, including whether the offense is an offense of violence or involves alcohol or a drug of abuse; (2) The weight of the evidence against the accused; (3) The history and characteristics of the accused, including * * * (a) The character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history of the accused [and] (b) Whether, at the time of the current alleged offense or at the time of the arrest of the accused, the accused was on probation, parole, post-release control, or other release pending trial, sentencing, appeal, or completion of sentence for the commission of an offense under the laws of this state, another state, or the United States or under a municipal ordinance; and (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

R.C. 2937.222(C).

**{¶22}** Ordinarily, upon review of an order appealed under R.C. 2937.222(D)(1), we examine the record and determine if the trial court had sufficient evidence before it to satisfy the clear-and-convincing standard set forth in R.C. 2937.222(B). *See State v. Sowders*, 1st Dist. Hamilton No. C-220114, 2022-Ohio-2401, ¶ 28; *see also State v. Jackson*, 8th Dist. Cuyahoga No. 110621, 2021-Ohio-4320, ¶ 49-50 (under any applicable standard of review, the trial court erred by revoking appellant's bond and denying his motion to be released on bond where the state did not present any evidence as required by R.C. 2937.222 and the court's factual findings were not supported by the record).

**{¶23}** Here, the state does not present an argument addressing the merits of the assignment of error.[3] Further, the record, including the trial court's generic May 2022 entry, substantiates Murray's position that the trial court did not proceed in accordance with R.C. 2937.222 when ruling on Murray's motion to reset bail.

**{¶24}** Consequently, we conclude that the trial court erred by denying pretrial bail without complying with the requirements of R.C. 2937.222. Accordingly, we sustain the assignment of error, reverse the trial court's May 2022 order that denies bail, and remand the cause for further proceedings consistent with this opinion. If the trial court or state seek to further detain Murray pretrial without bail on the pending second-degree-felony charges, those proceedings should comply with the requirements of R.C. 2937.222.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **CROUSE, J.,** concur.

---

[3] The state's jurisdictional argument could be viewed as one additionally invoking the doctrine of res judicata. The state did not take that position in the trial court, and the record does not provide sufficient granularity to demonstrate that res judicata applies.

9

Please note:

The court has recorded its entry on the date of the release of this opinion.