**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Garcia v. Baldwin*, Slip Opinion No. 2023-Ohio-1636.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1636

THE STATE EX REL. GARCIA, APPELLANT, *v.* BALDWIN, SHERIFF, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Garcia v. Baldwin*, Slip Opinion No. 2023-Ohio-1636.]**

*Habeas corpus—Bond revocation—Pretrial release on bail—R.C. 2937.40—R.C. 2937.222—Crim.R. 46—Habeas corpus is not the proper action by which to challenge a trial court's denial of bail under R.C. 2937.222, because R.C. 2937.222(D)(1) provides the detainee with adequate remedy in ordinary course of law by way of direct appeal from trial court's order denying detainee's request for release on bail—Judgment affirmed.*

(No. 2023-0134—Submitted March 21, 2023—Decided May 18, 2023.)

APPEAL from the Court of Appeals for Franklin County, No. 22AP-91, 2022-Ohio-4534.

_____

**Per Curiam.**

{¶ 1} Appellant, Chris M. Garcia, is being held without bail in the custody of appellee, Franklin County Sheriff Dallas Baldwin, pending trial for rape, kidnapping, and other felony charges. Garcia had been free on bail after the posting of a $750,000 surety bond but was taken into custody after the surety filed a bond surrender. Garcia appeals the Tenth District Court of Appeals' judgment dismissing his complaint for a writ of habeas corpus seeking release from custody on bail on reasonable conditions of bond. We affirm because habeas corpus is not the proper action by which to challenge the trial court's denial of bail in this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In November 2019, the Franklin County Grand Jury indicted Garcia (Franklin C.P. case No. 19-CR-05931) on three counts of rape and one count of kidnapping with a firearm specification—all first-degree felony offenses. Garcia pleaded not guilty to the charges, and bail was set at $750,000 surety and $10,000 recognizance subject to certain conditions, including that Garcia have no contact with the victim or witnesses. Garcia was released from custody after Allegheny Casualty Company, through a power of attorney given to Andy Callif Bail Bonds, posted a $750,000 surety bond with the Franklin County clerk of courts and Garcia executed a $10,000 recognizance bond. In August 2020, Garcia was indicted by the Franklin County Grand Jury (Franklin C.P. case No. 20-CR-003653) on two counts of trafficking in drugs and one count of tampering with evidence—all third-degree felony offenses that were allegedly committed on the same date as the offenses charged in the 2019 indictment. Garcia pleaded not guilty to the new charges and was released on a $5,000 recognizance bond, subject to special conditions. The trial court consolidated the two cases for trial.

{¶ 3} Between November 25, 2019, when Garcia was released on bail, and June 1, 2021, Garcia personally appeared in court for all required hearings. Garcia contends that he complied with all the special conditions of his release. But on June

1, 2021, Andy Callif Bail Bonds filed a "bond surrender" in Garcia's 2019 criminal case, alleging that Garcia had "failed to comply with [the] terms [and] conditions of [his] bond," but it contained no additional details. The trial court issued a capias for Garcia's arrest, and the sheriff took him into custody. Garcia's arrest discharged the surety bond under R.C. 2937.40, which states:

> (A) Bail of any type that is deposited under sections 2937.22 to 2937.45 of the Revised Code or Criminal Rule 46 by a person other than the accused shall be discharged and released, and sureties on recognizances shall be released in any of the following ways:
>
> (1) When a surety on a recognizance or the depositor of cash or securities as bail for an accused desires to surrender the accused before the appearance date, the surety is discharged from further responsibility or the deposit is redeemed in either of the following ways:
>
> * * *
>
> (b) When, on the written request of the surety or depositor, the clerk of the court to which recognizance is returnable or in which deposit is made issues to the sheriff a warrant for the arrest of the accused and the sheriff indicates on the return that he holds the accused in his jail.

{¶ 4} Garcia's attorney immediately filed a motion for a bond hearing. The trial court held a bond hearing on June 10, 2021. The prosecutor asked the court to "revoke the bond" because Garcia was "a substantial flight risk, " reminding the court that it had set the previous bond at $750,000 because of telephone calls in which Garcia "at the very beginning of this case does talk about fleeing to Mexico." The prosecutor argued that the flight-risk concern had "only increased by the

bondsmen no longer being willing to stand by [the $750,000] bond." The prosecutor did not, however, present any evidence at the hearing, including any testimony from the bail bondsman regarding the reasons for the bond surrender.

{¶ 5} At the close of the hearing, the trial-court judge expressed that she was "troubled by the bond surrender" and was therefore going to "revoke [Garcia's] bond." In a processing sheet entered on the docket, the court noted: "Bond revoked for [Garcia's] failure to comply with its terms." Accordingly, the sheriff detained Garcia without bail pending trial on the indicted offenses.

{¶ 6} Garcia filed another request for a bond hearing, which the court convened on December 14, 2021. At that hearing, Garcia asked the court to set a new bail amount. Garcia argued that he had not violated any of the conditions of his previous bail, that he had strong family ties to the Columbus area, and that he had "absolutely no contacts in Mexico, no family in Mexico," such that any flight-risk concerns were unwarranted. The prosecutor countered that the state has a strong case against Garcia on "very serious" charges that he brutally raped his victim. The prosecutor also shed light on why the bail bondsman had surrendered the bond, representing to the court that Garcia had sought the address of the victim's advocate attorney and that the bondsman had "concerns for the threats involving that." Considering the concerns that Garcia may flee and the safety of the victim and the victim's advocate attorney, the prosecutor asked the court to either deny bail or reinstate the previously imposed bail amount, which required a $750,000 surety bond. The prosecutor did not present any evidence at the hearing.

{¶ 7} At the close of the hearing, the trial-court judge denied Garcia's request for bail. Alluding to the prosecutor's argument at the June 2021 bond hearing, the trial-court judge stated that the state "apparently has telephone recordings—jail calls indicating that—it's their belief Mr. Garcia has discussed fleeing the community." She further noted that there was an "issue of attempting to obstruct a criminal justice process and/or tamper with some evidence or

information that may relate to the[ ] pending matters"—an apparent reference to the allegation that Garcia had tried to obtain the address of the victim's advocate attorney. The judge said that the court was "mindful of [Garcia's] family ties" and his lack of a criminal record prior to the charged offenses, but she also noted that Garcia faced "significant exposure in terms of a mandatory prison sentence" if convicted. In a processing sheet entered on the docket, the court stated that there was "NO CHANGE in bond," meaning that Garcia remained held without bail. (Capitalization sic.) Garcia remains in the sheriff's custody.

{¶ 8} Garcia filed a verified complaint in the Tenth District in February 2022, seeking a writ of habeas corpus ordering the sheriff to release him from custody and " 'let him to bail' upon reasonable conditions of bond in accordance with Crim.R. 46." The sheriff filed a combined answer, motion to dismiss, and return to Garcia's complaint. Garcia opposed the sheriff's motion and filed a motion for partial summary judgment. Garcia argued that he is entitled to judgment as a matter of law because he "is being unlawfully detained by the Sheriff without bond pending trial." Specifically, Garcia asserted that the trial court lacked authority under R.C. 2937.222 or Crim.R. 46 to revoke his bail or to deny his subsequent requests for bail and that the trial court violated his right to procedural due process by summarily doing so.

{¶ 9} The court of appeals referred the case to a magistrate, who rendered a decision on April 29, 2022. The magistrate recommended that the court grant the sheriff's motion to dismiss and deny Garcia's motion for partial summary judgment. In his conclusions of law, the magistrate agreed with the sheriff that "once Andy Callif Bail Bonds surrendered the bond pursuant to R.C. 2937.40(A)(1)(b), the conditions of bail were not required to continue." 2022-Ohio-4534, ¶ 43. The magistrate also agreed with the sheriff that the court "was not then required to set a new bond." *Id.* at ¶ 44. Rather, the magistrate concluded, the trial court acted within its authority when it " 'revoked' the bond based on

[Garcia's] violation of the conditions of his bond." *Id.* at ¶ 47. The magistrate further rejected Garcia's argument that the trial court violated R.C. 2937.222 and otherwise denied him procedural due process when it denied his renewed requests for pretrial release on bail. The magistrate concluded that even if the trial court were required to follow R.C. 2937.222, which governs the procedure for revoking bail or detaining an accused without bail, habeas corpus is not a proper remedy in this case, because Garcia had an adequate remedy by way of direct appeal from the trial court's orders denying his requests for release on bail. 2022-Ohio-4534 at ¶ 51-52. As for Garcia's procedural-due-process arguments, the magistrate found that these were not cognizable in habeas corpus. *Id.* at ¶ 53.

**{¶ 10}** Garcia filed objections to the magistrate's decision. The court of appeals unanimously overruled the objections, adopted the magistrate's decision as its own, denied Garcia's motion for partial summary judgment, and granted the sheriff's motion to dismiss. *Id.* at ¶ 16. The court added that the surety's bond surrender "did not terminate [Garcia's] potential to obtain a bond" and that Garcia's remedy "was to file a request for a bond hearing in order for the judge to consider setting a bond." *Id.* at ¶ 9. Garcia did that here, and the trial court denied his requests. *Id.* at ¶ 10. The court of appeals opined that the trial court " 'is vested with discretion by Crim.R. 46(E) and (I) to amend the terms and conditions of bond * * * , including the revocation of bond as provided by law.' " (Ellipsis added in *Garcia*.) 2022-Ohio-4534 at ¶ 11, quoting *In re Wesley v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 109930, 2020-Ohio-4921, ¶ 17, *aff'd*, *State ex rel. Wesley v. Cuyahoga Cty. Court of Common Pleas*, 165 Ohio St.3d 574, 2021-Ohio-3489, 180 N.E.3d 1120.

**{¶ 11}** Garcia appealed to this court as of right.

## II. ANALYSIS

**{¶ 12}** We review de novo a court of appeals' dismissal of a habeas corpus complaint under Civ.R. 12(B)(6). *DeVore v. Black*, 166 Ohio St.3d 311, 2021-

Ohio-3153, 185 N.E.3d 1025, ¶ 7.  To be entitled to a writ of habeas corpus, a petitioner must show that he is entitled to immediate release from prison or confinement. *State ex rel. Smirnoff v. Greene*, 84 Ohio St.3d 165, 167, 702 N.E.2d 423 (1998).

{¶ 13} "[I]n a habeas corpus proceeding, 'where the return sets forth a justification for the detention of the petitioner, the burden of proof is on the petitioner to establish his right to release.' " *Chari v. Vore*, 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (2001), quoting *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963).  In this case, the sheriff's return justified Garcia's detention: the sheriff had taken Garcia into custody after the surety filed a bond surrender, and the trial court thereafter denied Garcia's requests for pretrial release on bail. Accordingly, the burden shifted to Garcia to introduce facts that would justify the court's granting of bail.  *See id.*

### A.  Effect of the Surety's Bond Surrender

{¶ 14} The parties' arguments focus on the interplay between R.C. 2937.40 and Crim.R. 46.  Under R.C. 2937.40(A), a bail bondsman has the right to discharge its surety obligation by surrendering the accused to the court or to the custody of the sheriff.  *See* R.C. 2937.40(A)(1)(a) and (b).  While the parties do not dispute the bail bondsman's right to discharge its surety obligation, they disagree about what occurs after the surrender.  Garcia contends that the bondsman's "unilateral surrender" of the accused to discharge a surety bond does not terminate the accused's right to bail under Article I, Section 9 of the Ohio Constitution.  The sheriff counters that an accused no longer has the right to bail after the surety's bond surrender.  This is so, argues the sheriff, because of the language in Crim.R. 46(E):

Continuation of Bail.  When a judicial officer, either on motion of a party or on the court's own motion, determines that the

considerations set forth in subsections (B) and (C) require a modification of the conditions of release, the judicial officer may order additional or different types, amounts or conditions of bail, or may eliminate or lessen conditions of bail determined to be no longer necessary. Unless a modification is agreed to by the parties, the court shall hold a hearing on the modification of bond as promptly as possible. Unless modified by the judicial officer, *or if application is made by a surety for discharge from a bond pursuant to R.C. 2937.40*, conditions of release shall continue until the return of a verdict or the entry of a guilty plea, or a no-contest plea, and may continue thereafter pending sentence or disposition of the case on review.

(Emphasis added.) Under this rule, the sheriff argues (and the court of appeals agreed) that the surety's bond surrender terminated the conditions of Garcia's pretrial release on bail and that the trial court did not have to set a new bail.

{¶ 15} In interpreting the criminal rules, we apply general principles of statutory construction. *See State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 54. Thus, we must "apply the language in [the rule] as written 'without adding criteria not supported by the text.' " *Id.*, quoting *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 9. In this case, Crim.R. 46(E) provides that the conditions of an accused's release on bail shall continue until the return of a verdict or the entry of a guilty plea or no-contest plea unless modified by the court "or if application is made by a surety for discharge from a bond pursuant to R.C. 2937.40." Under the language of Crim.R. 46(E), the conditions of Garcia's release on bail were extinguished when Andy Callif Bail Bonds filed its bond surrender and the sheriff took Garcia into custody. At that point, Garcia was in custody without bail.

{¶ 16} Though the trial court purported to "revoke" Garcia's bail following the surety's bond surrender, there was nothing to revoke at that point. By operation of Crim.R. 46(E) and R.C. 2937.40, Andy Callif Bail Bonds was discharged of its obligation as surety and there were no conditions of bail in place. As the court of appeals correctly observed, the bond surrender ended the continuation of the bail that was previously posted, but it did not terminate Garcia's potential to obtain release by requesting that a new bail be set: "[His] remedy was to file a request for a bond hearing in order for the judge to consider setting a bond." 2022-Ohio-4534 at ¶ 9.

{¶ 17} Garcia did request a bond hearing in this case—twice—and his requests were denied. According to the sheriff, those denials do not violate Garcia's right to bail under Article I, Section 9 of the Ohio Constitution, because Garcia had already had his right to bail honored when he was released on a $750,000 bond, but his bail was extinguished due to the surety's bond surrender. Garcia counters that his right to release on bail was *not* extinguished simply by the surety's unilateral bond surrender. The trial court's ability to deny him bail, says Garcia, depends on the court's compliance with R.C. 2937.222.

{¶ 18} Garcia's argument has support in Crim.R. 46(A), which provides, "A defendant may be detained pretrial, pursuant to a motion by the prosecutor or the court's own motion, *in accordance with the standards and procedures set forth in the Revised Code*." (Emphasis added.) Under Crim.R. 46(A), the ability of the trial court to order an accused to be detained without bail is governed by statute. And R.C. 2937.222 speaks directly to that issue.

{¶ 19} Under R.C. 2937.222(A), the judge "shall hold a hearing" on the prosecutor's motion or on the court's own motion to determine whether a person accused of and charged with certain offenses, including first- and second-degree felonies, shall be denied bail. That statutory division applies to the offenses for which Garcia has been indicted. And R.C. 2937.222(B) provides:

> *No accused person shall be denied bail pursuant to this section* unless the judge finds *by clear and convincing evidence* that the proof is evident or the presumption great that the accused committed the offense described in division (A) of this section with which the accused is charged, finds by clear and convincing evidence that the accused poses a substantial risk of serious physical harm to any person or to the community, and finds by clear and convincing evidence that no release conditions will reasonably assure the safety of that person and the community.

(Emphasis added.) In turn, R.C. 2937.222(C) lists the factors that a trial court "shall consider" in determining whether the accused "poses a substantial risk of serious physical harm to any person or to the community and whether there are conditions of release that will reasonably assure the safety of that person and the community."

{¶ 20} Garcia contends that the trial court did not comply with R.C. 2937.222 when it denied his requests for pretrial release at the bond hearings, because at both the June 2021 hearing and the December 2021 hearing, the prosecutor did not present evidence on the statutory factors for denying him bail, much less evidence that he had violated any terms of his previous bail. Indeed, the transcripts show that the trial court relied on the unsworn statements of the prosecutor at both hearings. *See State v. Green*, 81 Ohio St.3d 100, 104, 689 N.E.2d 556 (1998) (a statement of facts by a prosecutor does not constitute evidence). Accordingly, Garcia argues that he is being held without bail unlawfully because the trial court did not comply with R.C. 2937.222 at those hearings.

{¶ 21} For his part, the sheriff argues that R.C. 2937.222 does not apply because the statute governs only whether an accused "shall be denied bail," R.C. 2937.222(A). In this case, says the sheriff, Garcia was not "denied" bail; rather, he

was *released* on bail and subsequently jailed only because of the bond surrender by the surety. Thus, the sheriff posits, Garcia's detention without bail is not covered by R.C. 2937.222.

{¶ 22} We disagree. The statute makes no distinction between an accused being held without bail after entering a not-guilty plea *or* after his conditions of bail have been extinguished because of a bond surrender by his surety. Moreover, the sheriff's position is contrary to Crim.R. 46(A), which states that a court may order that an accused be detained pretrial "in accordance with the standards and procedures set forth in the Revised Code." In other words, a trial court must comply with applicable statutes when ordering that an accused be held without bail.

{¶ 23} The General Assembly has provided a mechanism in R.C. 2937.222 for a trial court to make the necessary determination whether an accused should be held without bail. However, even if Garcia has raised as a colorable issue whether the trial court complied with the statute, there remains the issue whether his claim is cognizable in habeas corpus.

B. *R.C. 2937.222 Provides an Adequate Remedy in the Ordinary Course of the Law By Means of Appeal from a Final, Appealable Order of the Trial Court*

{¶ 24} A writ of habeas corpus is available as a remedy for challenging excessive bail in pretrial-release cases. *Chari*, 91 Ohio St.3d at 325, 2001-Ohio-49, 744 N.E.2d 763; *see also State v. Bevacqua*, 147 Ohio St. 20, 67 N.E.2d 786 (1946), syllabus. The writ is also available to challenge the trial court's refusal to set bail pending a defendant's appeal after conviction. *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 594, 635 N.E.2d 26 (1994); *see also Small v. Hooks*, 151 Ohio St.3d 535, 2017-Ohio-8724, 90 N.E.3d 921, ¶ 4.

{¶ 25} This case does not present either of those scenarios. In this case, Garcia's bail was extinguished by the surety's bond surrender, after which the trial court twice denied him release on bail. As noted above, the trial court had to comply with Crim.R. 46(A) and R.C. 2937.222 before it could deny Garcia release

on bail. This is significant because in addition to setting forth the factors that a court must consider before denying an accused's request for pretrial release on bail, *see* R.C. 2937.222(C), the statute provides that "denying bail pursuant to this section is a final appealable order," R.C. 2937.222(D)(1), and that the court of appeals must prioritize the appeal and "[d]ecide the appeal expeditiously," R.C. 2937.222(D)(1)(c).

{¶ 26} Relief in habeas corpus does not lie when the petitioner has an adequate remedy in the ordinary course of the law. *Steele v. Harris*, 161 Ohio St.3d 407, 2020-Ohio-5480, 163 N.E.3d 565, ¶ 13. In a case like Garcia's—in which the trial court has denied the accused's requests for pretrial release on bail—the legislature has provided a remedy by means of appeal from the trial court's final, appealable orders denying those requests. *See* R.C. 2937.222(D). Accordingly, relief in habeas corpus is not available here, because Garcia had an adequate remedy in the ordinary course of the law: he could have challenged the trial court's denials of his requests for pretrial release on bail. *See State v. Murray*, 2022-Ohio-3411, 197 N.E.3d 39, ¶ 14 (1st Dist.) (though habeas corpus is a proper remedy in cases involving *excessive* bail, cases involving the *denial* of bail for a second-degree felony are not cognizable in habeas corpus, because of R.C. 2937.222(D)).

{¶ 27} Garcia cites *Pirman*, 69 Ohio St.3d 591, 635 N.E.2d 26, and *State ex rel. Wesley*, 165 Ohio St.3d 574, 2021-Ohio-3489, 180 N.E.3d 1120, for the proposition that habeas corpus is a proper remedy for a trial court's refusal to set bail. But neither case supports that broad proposition. In *Pirman*, we held that habeas corpus is available when a trial court refuses to set bail for a defendant *following conviction*. *Id.* at 594. Thus, the rule from *Pirman* does not inform the ability of a petitioner to obtain a writ of habeas corpus based on a trial court's refusal to grant him *pretrial* release on bail.

{¶ 28} As for *State ex rel. Wesley*, that case did involve an accused who sought pretrial release on bail. The trial court revoked Wesley's bail after he failed

to appear at a pretrial hearing; it then denied his motion to reinstate bail. *Id.* at ¶ 5. After the trial court failed to rule on two of his subsequent motions to reinstate bail, Wesley filed a complaint for a writ of mandamus in the Eighth District Court of Appeals, seeking an order compelling the trial court to rule on his motions and to set bail that would allow for his pretrial release. *Id.* at ¶ 6. The court of appeals dismissed the complaint, holding that mandamus was not a proper remedy and that Wesley's claim, if any, was cognizable in habeas corpus, not mandamus. *Id.* at ¶ 7.

{¶ 29} We affirmed the court of appeals' judgment, noting: "A petition for a writ of habeas corpus is the proper cause of action for a person seeking to challenge the unlawful restraint of his liberty *or the complete denial of bail*." (Emphasis added.) *Id.* at ¶ 11, citing *Chari*, 91 Ohio St.3d at 325, 744 N.E.2d 763; *Pirman* at 594; and *Bevacqua*, 147 Ohio St. 20, 67 N.E.2d 786, at syllabus. But the emphasized language on which Garcia relies must be read in context. *See LGR Realty, Inc. v. Frank & London Ins. Agency*, 152 Ohio St.3d 517, 2018-Ohio-334, 98 N.E.3d 241, ¶ 18 ("a per curiam opinion must be read in light of the facts of the particular case"). None of the cases we cited in *State ex rel. Wesley* stands for the broad proposition that a writ of habeas corpus is always an appropriate remedy in cases involving the complete denial of an accused's request for pretrial bail. Rather, we cited cases holding that habeas corpus is available to challenge *excessive* bail (*Chari*), the complete denial of bail following conviction (*Pirman*), or the overruling of a motion to reduce bail (*Bevacqua*). What those three cases have in common is the absence of an available remedy in the ordinary course of the law to challenge the petitioner's confinement. *State ex rel. Wesley* must be understood in that context because the habeas petitioner in that case likewise lacked an available remedy in the ordinary course of the law to challenge the trial court's refusal to set bail. Unlike Garcia, the offender in *State ex rel. Wesley* was not charged with a first- or second-degree felony, bringing him outside the purview of R.C. 2937.222. *See Murray*, 2022-Ohio-3411, 197 N.E.3d 39, at ¶ 16 (distinguishing *State ex rel.*

*Wesley* because the case "[did] not involve a challenge to an order detaining a defendant pretrial that both affords no bail at all and involves the type of offense referenced in R.C. 2937.222(A)"). Thus, we determined that a writ of habeas corpus was the remedy that Wesley should have sought. *State ex rel. Wesley* at ¶ 11.

{¶ 30} This case is different. Garcia is being held without bail after (1) his $750,000 surety bond was surrendered and (2) the trial court denied his subsequent requests for pretrial release on bail. Under Crim.R. 46(A), a trial court's pretrial order detaining an accused without bail must be "in accordance with the standards and procedures set forth in the Revised Code." And because Garcia is charged with first-degree felonies, the trial court's denials of his requests for pretrial release on bail fall squarely within R.C. 2937.222. But because an order denying release on bail for a person accused of a first-degree felony (which Garcia is) is a final, appealable order under R.C. 2937.222(D), a writ of habeas corpus is not available. *See Cruz v. Pinkney*, 8th Dist. Cuyahoga No. 105454, 2017-Ohio-4308, ¶ 5 (R.C. 2937.222(D) affords an adequate remedy in the ordinary course of the law for the denial of a motion to reinstate bail following its revocation). Garcia should have appealed the trial court's orders denying his requests for pretrial release on bail following the surety's bond surrender.

### III. CONCLUSION

{¶ 31} Garcia had an adequate remedy in the ordinary course of the law by means of appeal from the trial court's orders denying his requests for pretrial release on bail, thus precluding extraordinary relief in habeas corpus. We therefore affirm the judgment of the Tenth District Court of Appeals.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Dennis C. Belli, for appellant.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.

_____